Next case is Halo Electronics versus Pulse Electronics, 2016-2006. Mr. Hogge, is it? Hogue, Your Honor. Hogue, Hogue, sorry. Thank you, Your Honor. You've been here before. I have, Your Honor. Here and elsewhere. I've been here for 32 years, sadly, or gladly. I'd like to spend my time discussing the wrong statements made by Halo's counsel at the motion hearing for the prejudgment interest. In their reply brief, they had said that they had taken an appeal to the Federal Circuit under the 1292C option, as they said. And at the hearing, I called them on it. That was really a false statement. Mr. Countryman here agreed that he had actually taken the appeal under 1295, but then pushed on and said that the Federal Circuit, he had intended to do a 1292C appeal. And at the Federal Circuit, this panel, except for Judge Moore, he said that they had exercised jurisdiction under 1292C. And Judge Gordon, that was false. Judge Gordon did believe it, and he granted the motion for the prejudgment interest. And why did they do that? Why did they say those statements was interesting, because they were two years late in making the motion. It was a final judgment. Can you, before you get into all that, explain what are you taking the appeal from here? Is there a final judgment under 1295? Because I thought the parties were still disputing the actual amount of prejudgment interest owed. No, we're doing everything. Well, then answer the question. Is there an order saying you owe X amount of dollars for prejudgment interest? Yes. It's in appendix page one. And how much do you owe? He didn't get that far. So this is it. Don't tell me he said you owe X amount of dollars when he didn't say that. That's really frustrating. This is what I'm asking you about. Is there a final, precise articulation of damages? Or did he just award prejudgment interest and say, figure it out, and if not, come back to me? That's what he said. I award HALO prejudgment interest. So where is a final judgment that sets forth an actual dollar amount? Or are you still disputing the actual dollar amount in district court? There still is a dispute over the actual dollar amount. And how do we have jurisdiction? You have jurisdiction because this is a 1295 case. The motion was for prejudgment interest has to be made under Rule 59E, and there's a 28-day limit. I'm not talking about the merits of your argument on appeal here. I'm talking about whether his order awarding prejudgment interest is sufficiently final for you to appeal it. It is. As a matter of law, it is because he had no jurisdiction. He had no right. He had no basis. That's not answering my question. He could very well be wrong, but his order is still interlocutory because he has not awarded an actual number of damages. We're way past final judgment on this case. The case is closed. Again, this is your argument on the merits. I have to say I share Judge Hughes' concern that putting the merits completely aside, which is all you want to talk about because you feel like you have a strong case on it, I'm not sure I can get to those merits because there remains a dispute over the amount of prejudgment interest, and therefore that decision of his, whether right or wrong, whether he had jurisdiction to make it or not, is just not properly yet on appeal to us. We've had this discussion amongst ourselves. I've had this discussion with counsel over here about the issue. The fact of the matter is had we not appealed when we did and gone later and then just gone through all this sort of pointless motion practice at the district court level, they would have been hollering that we had waived the appeal because we didn't do it upon the order. They would be wrong. Well, they're wrong now. And this should be heard now. This is post-judgment. It doesn't get any fun. Because this is post-judgment, any adverse order of the district court is appealable to us? Do you have any case law that supports that? I assume you're not trying to argue that you can appeal a non-final interest order under 1292C, are you? I'm not arguing anything other than that this is a 1295 appeal. And the Supreme Court says that this is a Rule 59e motion. And because of Rule 59e, it's 1295. And 1295, it was over two years ago. That's the law. The Supreme Court says that this is a Rule 59e motion. And it was made after 28 days. And therefore, they're not entitled to make the motion. But it still means that any opinion of the district court on the 59e motion has to be a final opinion and judgment before it can be appealed to us. Otherwise, your position is as long as there's a final judgment, then any post-judgment motions can be appealed even if they're not final. And that can't be the law. What is the law, Your Honor, is that this was as final as it has to get when this man started down, when this judge started down, listening to a pre-judgment interest motion. So what is your precedent for the notion that a judgment awarding interest but not putting in an actual number is a final judgment? Especially when it's clearly disputed by the parties, when there's clearly a continuing dispute over what that number should be. So the case is not resolved. My precedent is the Supreme Court, Your Honor. And you know what that is. That is that this is a post-judgment motion for pre-judgment interest under Rule 59e. And because of that, he's not entitled to award pre-judgment interest. That's as final as it needs to get in order for you to see that. You just say my precedent is the Supreme Court. Well, the Supreme Court is a building or nine people. What case are you talking about that you think clearly demonstrates that we have jurisdiction over this Rule 59 order? It's Ostrinak against Ernst and Winnie, 1989. And the Supreme Court says that our conclusion is that a pre-judgment motion for discretionary pre-judgment interest is a Rule 59e motion. I don't know how that helps you. That's your merit argument, that the district court untimely exercised jurisdiction over that case. His order still has to be final on that point before it can be appealed to us. Do you have a case that says an order awarding interest but postponing calculation is final for purposes of appeal? Well, I don't have anything that specifically says that, Your Honor. No, I don't. But I do know this. I do know that had we not appealed when we did, we would have been here anyway later with them saying we had waived. And then we would have been litigated whether or not we should have moved earlier. That's the discussion I've had with these people. And they agreed with that, that this is such a contrarian situation. I'm sorry. You always want to appeal when you get an adverse interlocutory ruling. We hear this from every party that appeals an adverse interlocutory ruling that's premature. It's better to resolve it now. It may be better resolved now, but we have a final judgment rule. Every time I read their brief, Your Honor, I can't make any sense out of it. Because they want to say that the judgment that was issued by Judge Breaux is not a final judgment. And that's why they made their false statements. They tried to turn this into a 1292C. And that's why they're attacking. They're saying anything they can to say that this isn't final enough. It is final enough. I understand your concern over wanting to preserve your right of appeal. And you've surely done that now. And so you don't—I mean, while it costs your client a lot of money and you're only $200,000 apart in your actual prejudgment interest fight, you've nonetheless done it because if we rule that this isn't ripe yet, and therefore there's no jurisdiction, then we have surely guaranteed and eliminated their future ability to say it should have been appealed earlier. You're now time-barred, right? So even if you lose now, you win. If your concern is if we didn't appeal it now later, they would say we should have appealed it now. Well, if we say you can't appeal it now, you still win because you've preserved the right to appeal it later. Right? Yes, that's correct. I'll reserve further comment after we listen to what Daniel has to say. We'll save it for you. Mr. Countryman. Thank you, Your Honor. May it please the Court. This Court should dismiss the appeal for lack of jurisdiction. As has been noted, there is no final order because the amount of prejudgment interest— You didn't argue that in your briefs, did you? I mean, why are we having to figure this out for ourselves? I think we did say that there was a lack of jurisdiction in our briefs, Your Honor. Perhaps we could have been more clear about the fact that the prejudgment interest was not quantified. But the fact remains that it isn't. And so as a result, there is no final order. And the parties are quite a ways apart. So the reason why you wouldn't want to allow an order like this to be appealable is because then you could have a subsequent appeal over the amount once the district court actually rules on it. So there is no jurisdiction because the amount of interest hasn't been quantified. There's also the pending issues regarding enhanced damages that are still at the district court that haven't been decided. So the judgment, additionally, is not final for that reason. And I would say, I mean, we have never suggested that they would be waiving any disputes on this issue if they didn't take the appeal. Now, in fact, we told them to be confers when they took this appeal, but we didn't think there was jurisdiction. So we think the appeal should be dismissed for jurisdiction. We completely agree that everything would be preserved to be taken up. And really what should happen is there should just be a final appeal at the end, and these issues should be dealt with in a final appeal that also deals with our pending motion for enhanced damages and fees. I really have a tremendous amount of respect for the fact that you just said all of that on the record because it's very hopeful. Was it your position with opposing counsel? Did you communicate to them your belief that they would have the right to appeal after the decision on the amount was reached? I'm just wondering about the legitimacy of his concern that you would have challenged their right to appeal later and whether or not you did everything you could to help avoid this. I appreciate, quite really truly appreciate everything you just said, and I think that it was a very good thing for you to have said because now it's on the record. And clearly you can't later dispute for judicial estoppel that they have the right to appeal it. I think it's the right thing to have done. You can't take the position there's no jurisdiction and not do that, right? That would break credibility. Absolutely. 100% you're on top of it, but did you communicate that to them in advance that could have mooted the need for all of this? So I have to say I don't know specifically because I wasn't a party to those discussions, but my understanding is that my colleagues did communicate to them. And also we had a status conference in the district court where we were discussing the pending motion for enhanced damages, and this appeal came up. And we did say to the district court that there was no jurisdiction because the amount hadn't been quantified. And so I think having consistently taken the position that there's no jurisdiction, I think the understanding is, of course, you'd be able to appeal it. There will be jurisdiction. Did you move to dismiss this appeal prior to the filing of the group? I see your subject matter jurisdictions, although they're a little bit more about whether damages had been determined than whether interest had actually been finally awarded. Right. We did not move to dismiss it. We noted the jurisdictional issue, I think, in our docketing statement and our statement of jurisdiction. So I apologize if we've caused some trouble. I mean, you're not required to, but it certainly would have brought the attention to the forefront before all the briefing and we had to wait through all of this. Understood. So apologies for that. Unless there are any other questions, we submit that the appeal should be dismissed. Thank you, counsel. Mr. Hogue, there's some rebuttal time. Just a little bit. My discussions were with Mr. Cain and not Mr. Countryman over this issue. And amongst ourselves, we decided that the better course was to just go forward with the appeal from that award because at that point, it's not a matter of discretion. It is a matter of law. And that's where we left it as far as that goes, Your Honor. And with that, I will close. Thank you, counsel. We'll take the case under advisement.